UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

DANIEL WILLIAM NEWELL,

                                    Plaintiff,

                    -v-

APPLE INC. et al.,

                                    Defendants.

19-CV-4018 (JPO)

ORDER

J. PAUL OETKEN, District Judge:

       In this action, Plaintiff Daniel William Newell, proceeding *pro se*, seeks relief for

damages arising out of a false arrest at an Apple Store.  (*See* Dkt. No. 2 ("Compl.") at 4.)

Newell initially brought suit against Defendants Apple Inc., Police Officer Zackary Bloomfield,

and the City of New York.  (Compl. at 1.)  Newell subsequently reached a settlement with

Bloomfield and the City, resulting in dismissal of the claims against them on January 27, 2020.

(Dkt. No. 31.)

       Apple, the remaining Defendant, filed a motion to dismiss on December 9, 2020.  (Dkt.

No. 19.)  Newell did not file an opposition brief.  On January 17, 2020, the Court, acting *sua*

*sponte*, granted an extension of the deadline to file an opposition brief to February 3, 2020.  (Dkt.

No. 29.)  Newell was warned that failure to comply would mean that Apple's motion would be

considered unopposed.  (*See id.*)  To date, Newell has not filed an opposition brief.  Accordingly,

Apple's motion to dismiss shall be considered unopposed.

       "[A]lthough a party is of course to be given a reasonable opportunity to respond to an

opponent's motion, the sufficiency of a complaint is a matter of law that the court is capable of

determining based on its own reading of the pleading and knowledge of the law."  *McCall v.*

*Pataki*, 232 F.3d 321, 322–23 (2d Cir. 2000).  Accordingly, the district court must determine

1

whether dismissal is appropriate on the merits, as "the plaintiff's failure to respond . . . does not warrant dismissal." *Id.* at 323.

Newell alleges, in essence, that his "federal constitutional rights" were violated when he was erroneously accused of starting a fire in a bathroom at the Apple Store, resulting in his false arrest. (Compl. at 4.) In particular, Newell alleges that "Apple Inc. [e]mployees alleged me of the wrongful actions." (*Id.*) This claim is best construed as a claim under 42 U.S.C. § 1983 for deprivation of Newell's Fourth Amendment right against false arrest.

The insuperable difficulty, of course, is that a § 1983 claim lies only against defendants acting "under color of" state law. 42 U.S.C. § 1983. Private parties act "under color of" state law if their conduct can be "fairly attributed" to the state. *Tancredi v. Metro. Life Ins. Co.*, 316 F.3d 308, 312 (2d Cir. 2003). In other words, there must be "such a close nexus between the State and the challenged action that seemingly private behavior may be fairly treated as that of the State itself." *Id.* (internal quotation marks omitted) (quoting *Brentwood Acad. v. Tenn. Secondary Sch. Athletic Ass'n*, 531 U.S. 288, 295 (2001)).

The allegations in Newell's complaint fall far short. Newell does not allege, for example, that a state actor "coerc[ed]" Apple or provided "significant encouragement" to Apple. *Sybalski v. Indep. Grp. Home Living Program, Inc.*, 546 F.3d 255, 257 (2d Cir. 2008) (per curiam) (quoting *Brentwood*, 531 U.S. at 296). Nor does Newell allege that his arrest was "the product of a conspiracy between [Apple] and the . . . police." *Adickes v. S.H. Kress & Co.*, 398 U.S. 144, 148 (1970). Absent some allegation of coordination between Apple and the state actors involved in his arrest, Newell's claim against Apple under § 1983 fails. The claims against Apple are dismissed.

Although a *pro se* litigant is typically granted leave to amend at least once, *see Cuoco v. Moritsugu*, 222 F.3d 99, 112 (2d Cir. 2000), leave to amend should be denied if repleading would be "futile," *id.*  Such is the case here.  Accordingly, the complaint is dismissed without leave to amend.

For the foregoing reasons, Apple's motion to dismiss is GRANTED.  The Clerk of Court is directed to close the motion at Docket Number 19 and to close this case.

Counsel for Apple is directed to serve a copy of this order on Plaintiff by April 8, 2020.

SO ORDERED.

Dated: April 1, 2020
      New York, New York

                                  J. PAUL OETKEN
                           United States District Judge